■ Rosa Ferrari et al., Respondents, v Lutheran Medical Center, Defendant, and John DeLuca, Appellant. [653 NYS2d 374] —In an action, *inter alia,* to recover damages for wrongful death, the defendant John DeLuca, M.D., appeals from so much of a judgment of the Supreme Court, Kings County (Rosenberg, J.), entered November 6, 1995, as, upon a jury verdict, is in favor of the plaintiff Rosa Ferrari, as Administratrix of the estate of Giovanni Ferrari, and against him in the principal sum of $650,000 ($400,000 for pain and suffering, $200,000 for loss of earning capacity, and $50,000 for loss of services).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action alleging, *inter alia,* that the appellant committed medical malpractice by failing to diagnose the cause of the decedent's bilateral pleural effusion as non-Hodgkins lymphoma, and thereby caused the decedent's death on May 24, 1990.

After trial, the jury returned a special verdict finding, *inter alia,* that the appellant had departed from good and accepted medical practice in failing to diagnose the cause of the decedent's effusion at any time during the decedent's admission at the defendant hospital and at any time from February 9, 1990, through March 1, 1990, and also departed from good and acceptable medical practice in failing to request pulmonary and cardiac consults at any time from February 9, 1990, to March 1, 1990. The jury further found that those departures were a proximate cause of the death of the decedent. The jury awarded the plaintiff estate $650,000 in damages, including $400,000 for pain and suffering, $200,000 for loss of earning capacity, and $50,000 for loss of services.

The appellant argues, among other things, that the plaintiffs' expert's testimony was insufficient to support the verdict because the expert, Dr. Ciobanu, testified that the "exact cause of death" was "speculative" and the exact mechanism of death

was "debatable". However, Ciobanu merely testified that the cause of death was speculative and the exact mechanism of death debatable because no autopsy had been performed. He also testified that "[i]n the absence of a heart attack, which obviously can hit anybody, any time, anywhere", it was his opinion, with a reasonable degree of medical certainty, that the decedent died of the effusion caused by the non-Hodgkin's lymphoma. In fact, he testified that the lymphoma was "not debatable", that the lymphoma caused, "directly and indirectly", the effusion, and that death was caused by this process. Under these circumstances, we find the evidence to be legally sufficient to support the verdict (see generally, Cohen v Hallmark Cards, 45 NY2d 493, 499).

The appellant's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.